UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY JONES | CIVIL ACTION |
| VERSUS | NO. 20-1993 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to: 12-968 BELO in MDL 2179

## REPORT AND RECOMMENDATION

Defendants BP Exploration & Production Inc. and BP America Production Company filed a Motion to Dismiss Plaintiff's Complaint in the captioned case pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099).[1]  Plaintiff Judy Jones filed a timely opposition memorandum.[2]  The Court heard oral argument on the motion on September 23, 2020.  ECF No. 18.  The issues raised in this motion are the same issues addressed by this Court in the Report and Recommendation issued at ECF No. 16 in Civ. No. 20-1783, ECF No. 13 in Civ. No. 20-1787 and ECF No. 13 in Civ. No. 20-1785.  On September 30, 2020, the Honorable Carl J. Barbier adopted this Court's Report and Recommendation to dismiss those cases with prejudice.  *See* ECF Nos. 21 & 22 in Civ. No. 20-1783, ECF Nos. 17 & 18 in Civ. No. 20-1787 and ECF Nos. 17 & 18 in Civ. No. 20-1785.

Having considered the record, the parties' submissions, the applicable law and having heard oral argument in this matter, I recommend that BP's Motions to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for the reasons that follow.

---

[1] ECF No. 3.
[2] ECF No. 7.

**I.     BACKGROUND**

Plaintiff filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on July 13, 2020.  *See* ECF No. 1  Individually and as personal representative of the estate of Hugh Lee Jones, Jr. ("Decedent"), Plaintiff alleges that the Decedent suffered injuries as a result of exposure (through inhalation, airborne and direct contact) to oil, dispersants, soot, and other harmful chemicals, which allegedly led to his death on August 30, 2017.  ECF No. 1, ¶¶32-36.  Plaintiff seeks to recover pain and suffering of the Decedent from the date of his diagnosis until death; mental anguish of the Decedent from the date of diagnosis until death; medical expenses of the Decedent from the date of diagnosis until death; lost earnings of the Decedent from the date of diagnosis until death; loss of earning capacity of the Decedent from the date of diagnosis until death; other economic loss of the Decedent; loss of enjoyment of life from the date of diagnosis until death; and funeral expenses, burial expenses, loss of support, services, consortium, companionship, society and affection. *Id.* ¶ 38.  Jones claims to have satisfied all pre-suit conditions, stating in pertinent part: "Plaintiff on behalf of the Decedent received the Election Not to Mediate from GRG on January 27, 2020. As of January 27, 2020, all presuit conditions precedent required by the MSA were satisfied. *Id.* at ¶ 28.

Defendants moved to dismiss the Complaint as untimely because it was not timely filed within the deadline required by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA").  ECF 6-3.  Defendants assert that, contrary to Plaintiffs' representation that July 27, 2020 is the deadline within which to file suit, the Claims Administrator's Notice of BP's Election Not to Mediate was issued on November 2, 2018, so Plaintiffs' July 27, 2020 suit was not filed within six (6) months of the date of the Claims Administrator's Notice that the BP Parties Elected Not to Mediate.  *Id*. at 2-3.  Defendants argue that Plaintiff's effort to extend the filing

period based on the assertion that counsel did not receive the Notices by mail is irrelevant because, even if that were true, Plaintiff's counsel had access to the November 2, 2018 Notice via the online portal where a copy of the mailed Notices are also posted. *Id*. at 3.  In response to Plaintiff's Exhibit B to her Opposition (three affidavits sent to the Claims Administrator indicating non-receipt of the November 2, 2018, Notice, which affidavits are dated May 6, 2019, June 11, 2019 and July 18, 2019. ECF No. 7-2), Defendants argue that while Plaintiff's counsel asserts he did not receive the November 2, 2018, Notices, Plaintiff's counsel did timely file suit for three other plaintiffs whose Notices were included in the Claims Administrator's November 2, 2018 Notice batch.  ECF No. 6-3, at 4.  Considering the inability to cure the untimely filing defect, Defendants seek dismissal with prejudice.  *Id.* at 14.

     Plaintiff opposes the motion, arguing that the filing is timely and/or excused due to the doctrine of exhaustion and requires equitable tolling of pre-trial deadlines that were pegged to the date of Notice of an Election Not to Mediate; this Court has broad discretionary power to ensure the equitable administration of its docket; the Court retains exclusive jurisdiction over the interpretation, implementation, administration and enforcement of the MSA; and granting the motion to dismiss will deny plaintiff access to the courts and violates plaintiff's due process rights, First Amendment Right to Petition, and state constitutional rights. ECF No. 7, at 8-9. Plaintiff also argues that dismissal must be addressed pursuant to Rule 12(b)(6), which does not allow consideration of evidence outside of the record and allows for equitable tolling. *Id.*, at 17-19. Plaintiff contends that the court should extend the filing deadline because plaintiff did not receive the November 2, 2018 Notice. *Id*. at 6.

## II. LAW AND ANALYSIS

Despite Plaintiff's efforts to characterize this matter as one involving a factual dispute about when she *received* Notice of BP's Election Not to Mediate, there is no factual dispute. The Claims Administrator issued a Notice of Election Not to Mediate dated November 2, 2018, and Plaintiff failed to file suit until July 13, 2020. Plaintiff also admits that her counsel notified the Claims Administrator that Plaintiff had not *received* the November 2, 2018 Notice via affidavits dated June 11 2019, and July 18, 2019. Despite knowledge by mid-2019, Plaintiff did not file suit for over a year later, on July 13, 2020.

### A. BELO Background

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA"). *See* 10-md-2179, ECF No. 6427-1, at § II(VV). As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days. BP then has 30 days to decide whether to mediate the claim. The MSA expressly provides:

> Any BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT must be filed within 6 months of either: (a) notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER of the election of all BP defendants named in the NOTICE OF INTENT TO SUE not to mediate, or (b) written confirmation by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER and to all BP defendants named in the NOTICE OF INTENT TO SUE that the mediation did not resolve the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S claim as to all BP defendants named in the NOTICE OF INTENT TO SUE.

*Id*. at §§ VIII(G)(1)(b).

**B. Six Months Runs from the Date on the Notice Itself, Not Receipt of that Notice**

As this Court reiterated in its Report and Recommendation in Civil Action Nos. 20-1783, 20-1787 and 20-1785, the court-approved Medical Settlement Agreement is **not** merely a case management order. Instead, it is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. *Id.* at § XXX(C). Plaintiff has not alleged the existence of express written consent for any modification or alteration.

This motion raises the issue of whether the six month period specified in the MSA (as quoted above in Section II(A) above) begins to run on the date of the Claims Administrator's Notice of BP's Election Not to Mediate reflected on the notice *or* the date of plaintiff's receipt of that Notice. In numerous prior cases,[3] including Civil Action Nos. 20-1783, 20-1787 and 20-1785, the court has interpreted the term "notice" to mean the date ***on*** the Notice, ***not*** the date of ***receipt*** of that Notice. Thus, the term "notice" means the date of the mailing that is printed on the Notice itself, *not* the date of receipt of that Notice. *Id.* at 16.[4] On that basis, this Court rejected the same arguments raised here in its earlier Report and Recommendation in Civil Action Nos. 20-1783, 20-

---

[3] *See, e.g., Armour v. BP Expl. & Prod., Inc*, No. 20-1873, ECF No. 16, (E.D. La. Aug. 14, 2020), R&R adopted, ECF No. 21 (E.D. La. Sept. 30, 2020); *Dumoulin v. BP Expl. & Prod., Inc.*, *BP Expl. & Prod., Inc*, No. 20-1785, ECF No. 13, (E.D. La. Aug. 14, 2020), R&R adopted, ECF No. 17 (E.D. La. Sept. 30, 2020); *Moore v. BP Expl. & Prod., Inc*, No. 20-1787, ECF No. 13, (E.D. La. Aug. 14, 2020), R&R adopted, ECF No. 17 (E.D. La. Sept. 30, 2020); *Farmer v. BP Expl. & Prod., Inc.*, *BP Expl. & Prod., Inc,* No. 19-9237, ECF No. 16, (E.D. La. May 29, 2019), R&R adopted, ECF No. 10 (E.D. La. June 17, 2019); *Wiggins v. BP Expl. & Prod., Inc.*, No. 19-1425, ECF No. 5, (E.D. La. Apr. 3, 2019), R&R adopted, ECF No. 6 (E.D. La. Apr. 24, 2019); *King v. BP Expl. & Prod., Inc.*, No. 19-1081, ECF No. 5, (E.D. La. Mar. 27, 2019), R&R adopted, ECF No. 6 (E.D. La. Apr. 15, 2019); *Deacon v. BP Expl. & Prod., Inc.*, No. 19-711, ECF No. 9, (E.D. La. Mar. 20, 2019), R&R adopted, ECF No. 10 (E.D. La. Apr. 24, 2019); *Londrow v. BP Expl. & Prod., Inc.*, No. 19-599, ECF No. 9, (E.D. La. Mar. 13, 2019), R&R adopted as modified, ECF No. 12 (E.D. La. Apr. 16, 2019); *Hartsell v. BP Expl. & Prod., Inc.*, No. 19-443, ECF No. 9, (E.D. La. Mar. 13, 2019), R&R adopted, ECF No. 10 (E.D. La. Mar. 28, 2019); *Guerra v. BP Expl. & Prod., Inc.*, No. 19-386, ECF No. 5, (E.D. La. Mar. 13, 2019), R&R adopted, ECF No. 6 (E.D. La. Mar. 28, 2019); *Pinsdorf v. BP Expl. & Prod., Inc.*, No. 18-14315, ECF No. 9, (E.D. La. Feb. 28, 2019), R&R adopted, ECF No. 12 (E.D. La. Apr. 9, 2019).

[4] Even if receipt or actual knowledge of the Notice were required by the MSA (which is not), Plaintiff concedes knowledge of the November 2, 2018, Notice by June 18, 2019, and July 18, 2019. ECF 7-2, Ex. B. Yet Plaintiff failed to file suit until over a year later, on July 13, 2020.

1787, and 20-1785.  By Order dated September 30, 2020, the Honorable Carl J. Barbier adopted that recommendation and dismissed those matters.  *See* ECF Nos. 21 & 22 in Civ. No. 20-1783, ECF Nos. 17 & 18 in Civ. No. 20-1787 and ECF Nos. 17 & 18 in Civ. No. 20-1785.  Plaintiff has failed to raise new any new arguments that would justify a different outcome in this case.

### C.  Rule 12(b)(6) Authorizes Consideration of Certain Documents

Plaintiff objects to the consideration of documents attached to the Motion to Dismiss as impermissible under Rule 12(b)(6), presumably including the November 2, 2018 Notice.  Again, in ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint, but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[5]  In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[6]  Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[7]

After citing the relevant portion of the MSA, Plaintiff asserted that the six-month period within which to file suit expired on July 27, 2020.[8]  However, the cited section of the MSA clearly specifies that the six-month period runs from the Claims Administrator's Notice of Election Not

---

[5] *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).
[6] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig*., 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc*., 925 F.3d 727 (5th Cir. 2019).
[7] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 377 (5th Cir. 2004) (If an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir.), *cert. denied*, 311 U.S. 685 (1940)); *Thermo Credit, LLC v. Cordia Corp*., 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Associated Builders, Inc. v. Alabama Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)).
[8] ECF No. 1, at 7 and n.9.

to Mediate.  Although the November 2, 2018, document was not attached to the Complaint, it was attached to Defendants' Motion to Dismiss (ECF No. 6-4) and the court may properly consider it as that document is referenced in and central to the claim.  The Notice is dated November 2, 2018. *Id*.  And the court may take judicial notice of the fact that July 13, 2020, (i.e., the filing date of the complaint) is not within six months of November 2, 2018.

### D. Equitable Tolling Cannot Save Plaintiff's Severely Delinquent Filing

In this MDL, Judge Barbier has consistently enforced deadlines and dismissed plaintiff's claims that were untimely filed.  *See e.g*., MDL No. 2179, ECF Nos. 14113, at 1 (denying a motion requesting the court to extend the Medical Settlement Agreement deadlines for filing Proof of Claim Forms)("[t]he Settlement's terms established the deadline for filing . . . [t]he [c]ourt may not extend this deadline absent consent of both BP and Class Counsel"); ECF No. 25356, at 13-15 (dismissing plaintiffs' claims because they were untimely filed or not submitted at all) ("PTO 66 gave plaintiffs until July 9, 2018 (90 days) to file their Particularized Statement of Claim. . . . The following plaintiff's B3 claims will be dismissed because their [claims] were significantly late or not submitted at all."); ECF No. 24686 at 2 (dismissing plaintiff's claims because they did not timely respond to the court's order) ("The deadline for responding to the Show Cause Order has now passed. . . . As to those Remaining B1 Plaintiffs who were required to respond . . .but did not, the Court dismisses their B1 claims with prejudice for failing to comply. . . .).  In addition, Judge Barbier has adopted numerous Reports and Recommendations for dismissal of untimely filed cases.  *See supra* note 3.

Plaintiffs ask this court to apply equitable tolling to alter the contractual time periods set forth in the MSA.  Again, the MSA is a contract, which expressly provides:  "This MEDICAL SETTLEMENT AGREEMENT shall not be subject to any change, modification, amendment, or

7

addition without the express written consent of MEDICAL BENEFITS CLASS COUNSEL and BP'S COUNSEL, on behalf of all PARTIES to this MEDICAL SETTLEMENT AGREEMENT." MSA, § XXX(C), at 188.  ECF No. 6427-1 in 10-md-2179.  The administrative exhaustion cases cited by Plaintiff involved statutory schemes setting forth mandatory administrative processes, such as Title VII's EEOC process and the Prison Litigation Reform Act's requirement to exhaust grievance procedures.  Here, the MSA does not contain an administrative process regarding receipt (or non-receipt) of the Notice of Election Not to Mediate.  Accordingly, Plaintiff had no administrative exhaustion obligation upon which to rely to support equitable tolling.

Even if Plaintiff had some administrative exhaustion obligation as to receipt of the Notice (which she did not), equitable tolling is only available in "exceptional circumstances."[9]  Plaintiff would need to establish (1) that she has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented her from timely filing.[10]  Further, any equitable tolling would end when Plaintiff had knowledge of sufficient facts to end the estoppel.[11]

The cases cited by Plaintiff in support of equitable tolling, *Castro v. BP Exploration and Production Inc*., No. 19-cv-12821, ECF No. 14 (E.D. La. February 5, 2020) and *Dumas v. BP Exploration and Production Inc*., No. 20-cv-00369, ECF No. 6 (E.D. La. March 18, 2020), are inapposite.  *Castro* involved a motion for leave to amend an existing, timely complaint to include a second timely complaint on another condition identified in a second Notice of Intent Not to Mediate.  In that case, Judge Wilkinson expressly noted that "it is apparent from this document on its face that plaintiff satisfied the conditions precedent as required by the Medical Settlement

---

[9] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[10] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) ("A litigant will qualify for equitable tolling only if he "has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.").
[11] *Spearman v. Stephen*, 797 F. App'x 904, 905 (5th Cir. 2020).

8

Agreement." *Castro*, ECF No. 14, at 4. And in *Dumas*, the plaintiff sought to file a second, timely BELO suit via amendment to his first timely BELO suit, which was then pending in Florida. The motion to amend was denied, however, because the court held that plaintiff was required to file suit here and not in Florida, contemplating that the suit would then be transferred and consolidated with the Florida suit which had been stayed pending arrival of the additional suit. Judge Wilkinson found that plaintiff's timely motion to amend the complaint in Florida, "while not in strict conformity with the Medical Settlement Agreement or Judge Rodger's prior orders–nevertheless demonstrates diligent litigation of his case." *Dumas*, ECF No. 6 at 5-6.

Equitable tolling does not apply here to excuse Plaintiff's untimely filing of this BELO suit. Even if it did, equitable tolling would certainly not extend that period for the year that would be necessary to render Plaintiff's July 13, 2020, lawsuit timely.

### E. Dismissal With/Without Prejudice

BP seeks a dismissal *with* prejudice because plaintiff's failure to file timely cannot be cured by amending the complaint or granting additional time to comply with the conditions precedent. Plaintiff, however, contends that the CMO authorizes only a dismissal without prejudice.

The failure to satisfy the condition precedent of filing suit within six months of the Claims Administrator's Notice of Election Not to Mediate is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration.

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases. ECF No. 3. It expressly permits the parties to move to dismiss an individual BELO complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit. *Id*. at ¶ IV(1)(A). But section IV(1) also permits motions to modify the CMO. And, as Judge Wilkinson previously explained, "At the time [the CMO] was issued, I optimistically anticipated

only curable pre-filing administrative deficiencies, not that a plaintiff's failure would be to miss one of the absolute deadlines established in the Medical Settlement Agreement."[12]

In these cases, as in the prior cases cited herein including Civil Action Nos. 20-1783, 20-1787 and 20-1785, "[n]o purpose would be served by dismissing these cases without prejudice, when their untimely filing under the Medical Settlement Agreement clearly means that their claims are barred and must be dismissed with prejudice."[13] Again invoking CMO ¶ IV(1)(D), I hereby modify the CMO insofar as it applies to these particular BELO cases to permit filing of the motions to dismiss with prejudice.

### III.  CONCLUSION

The record reflects that the Claims Administrator's Notice of Election Not to Mediate is dated November 2, 2018. ECF No. 6-4. Setting aside the affidavits attached as Exhibit B to Plaintiff's Opposition Memorandum and Plaintiff's counsel's email dated March 4, 2020, which reflect actual knowledge of the November 2, 2018 Notice over a year before the filing of this suit, nothing justifies Plaintiff's lengthy delay. Plaintiff's suit is untimely and Plaintiff has failed to establish the existence of a modification to, or justification for extending, the MSA's six-month period requirement for filing a BELO suit. Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 6) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[12] *Benton v. BP Exploration & Production Inc.*, No. 19-9985, at 5-6 (E.D. La. July 15, 2019), ECF No. 17, R&R adopted ECF No. 20, and *Montalvo v. BP Exploration & Production Inc.*, No. 19-9987, at 5-6 (E.D. La. July 15, 2019), ECF No. 16, R&R adopted ECF No. 19.
[13] *Id*. at 19-20.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

New Orleans, Louisiana, this 2nd day of October, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).